630 S.E.2d 281

**In the Matter of DILLON COUNTY MAGISTRATE John R. DAVIS, Respondent.**

**No. 26144.**

Supreme Court of South Carolina.

Submitted April 18, 2006.

Decided May 8, 2006.

---

Henry B. Richardson, Jr., Disciplinary Counsel, and Deborah S. McKeown, Assistant Disciplinary Counsel, of Columbia, for The Office of Disciplinary Counsel.

John R. Davis, of Latta, pro se.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a public reprimand. The facts as set forth in the agreement are as follows.

## FACTS

At approximately 11:30 p.m. on October 1, 2005, Officer Jones of the Latta Police Department arrested an individual, respondent's uncle, for driving under the influence and, thereafter, transported him to the Dillon County Detention Center. At approximately 12:35 a.m. on the morning of October 2, 2005, respondent's uncle registered a 0.14% on the Datamaster test administered at the detention center by Trooper Byrd.

Thereafter, respondent's uncle contacted respondent from the detention center and advised he had been arrested for

driving under the influence. At approximately 1:20 a.m., respondent entered the booking area at the Dillon County Detention Center, conducted a special bond proceeding for his uncle, and allowed his uncle to sign a personal recognizance bond. Respondent then left the detention center; he did not ascertain whether there were other inmates awaiting bond hearings. At approximately 1:41 a.m., respondent was released by the detention center.

Respondent acknowledges he should not have presided over his uncle's bond hearing. He further acknowledges he was not the magistrate on call that evening, that he did not seek permission to conduct the special bond proceeding, that he failed to ascertain if there were other inmates awaiting bond hearings, and that he did not conduct bond hearings for any other hearings awaiting bond hearings. Respondent also failed to inform the chief magistrate that a special bond proceeding had been conducted.

On one prior occasion in 2004, respondent conducted a special bond hearing for a defendant charged with two counts of burglary and grand larceny and released that defendant on a personal recognizance bond. In that matter, respondent failed to notify the victim of the bond hearing, failed to ascertain if there were other inmates awaiting bond hearings, and did not conduct bond hearings for any other inmates awaiting bond hearings. Respondent also failed to inform the chief magistrate that a special bond proceeding had been conducted.

Respondent acknowledges that the preferential treatment given by him to these two defendants violated the Chief Justice's Administrative Order of November 29, 2000, as well as the Code of Judicial Conduct. ODC states that, to its best knowledge and belief, respondent has been forthright and fully cooperative with its inquires into this matter.

## LAW

By his misconduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally

observe those standards so that the integrity of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity of the judiciary); Canon 2B (judge shall not allow familial or other relationships to influence his judicial conduct or judgment); Canon 3 (judge shall perform duties of judicial office impartially and diligently); Canon 3(B)(1) (judge shall hear and decide matters assigned to the judge except in those in which disqualification is required); Canon 3B(2) (judge shall be faithful to the law and maintain professional competence in it); Canon 3B(5) (judge shall perform judicial duties without bias or prejudice); Canon 3(B)(7) (judge shall not consider ex parte communications); Canon 3B(8) (judge shall dispose of all judicial matters promptly, efficiently, and fairly); Canon 3(E)(1)(a) (judge shall disqualify himself where he has a personal bias or prejudice concerning a party); and Canon 3(E)(1)(d)(i) (judge shall disqualify himself where a person within the third degree of relationship is a party to the proceeding). Respondent further admits he has also violated the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct), Rule 7(a)(7) (it shall be ground for discipline for judge to willfully violate a valid court order issued by a court of this state), and Rule 7(a)(9) (it shall be a ground for discipline for judge to violated the Judge's Oath of Office).

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand. Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.