645 S.E.2d 243

**In the Matter of Dillon County Magistrate John R. DAVIS, Respondent.**

**No. 26325.**

Supreme Court of South Carolina.

Submitted April 17, 2007.

Decided May 7, 2007.

Henry B. Richardson, Jr., of Columbia, for Office of Disciplinary Counsel.

John R. Davis, of Latta, Pro Se.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21of the Rules of Judicial Disciplinary Enforcement, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the issuance of any sanction set forth in Rule 7(b), RJDE, Rule 502, SCACR. We accept the Agreement and suspend respondent from office for six months. The facts, as set forth in the Agreement, are as follows.

### *Facts*

Respondent was contacted at 8:00 p.m. at his residence by an officer of the Dillon County Sheriff's Department and informed that one of the officer's friends had been arrested that afternoon, that bond court had closed for the day, and that the friend needed to be released so he could attend work the following day. Respondent instructed the officer to bring the necessary bond paperwork to respondent's residence for respondent to review. Later that evening, respondent set a $2,500 personal recognizance bond and the officer's friend was released. The victim was not notified of the bond hearing

even though he had requested to be present for the bond hearing.

Respondent was not the magistrate on call that evening, he did not seek permission to conduct the special bond hearing, he failed to ascertain whether there were other inmates awaiting bond hearings, he did not conduct bond hearings for any other inmates awaiting bond hearings, and he failed to inform the Chief Magistrate that a special bond hearing had been conducted.

## *Law*

Respondent acknowledges that his conduct violates the Chief Justice's Administrative Order of November 29, 2000, as well as the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 1(A)(a judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 2(A)(a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2(B)(a judge shall not convey or permit others to convey the impression that they are in a special position to influence the judge); Canon 3 (a judge shall perform the duties of judicial office impartially and diligently); Canon 3(B)(2)(a judge shall be faithful to the law and maintain professional competence in it); Canon 3(B)(5)(a judge shall perform judicial duties without bias or prejudice); Canon 3(B)(7)(a judge shall accord to every person who has a legal interest in a proceeding the right to be heard according to law); and Canon 3(B)(8)(a judge shall dispose of all judicial matters promptly, efficiently and fairly). Respondent also concedes that his misconduct constitutes grounds for discipline under the following provisions of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1)(violation of the Code of Judicial Conduct); Rule 7(a)(4)(persistent failure to perform judicial duties or perform judicial duties in an incompetent or neglectful manner); Rule 7(a)(7)(willful violation of a valid court order issued by a court of this state); and

Rule 7(a)(9)(violation of the Judge's Oath of Office contained in Rule 502.1, SCACR).

Respondent indicates that his misconduct in this matter was not intentional and that he will not engage in similar misconduct in the future; however, we note that respondent has a prior disciplinary history of similar misconduct. *In the Matter of Davis,* 368 S.C. 662, 630 S.E.2d 281 (2006)(respondent publicly reprimanded for conducting two special bond hearings in 2004 and 2005 in violation of the Chief Justice's Administrative Order).

### *Conclusion*

We find respondent's misconduct warrants a suspension from judicial duties. We therefore accept the Agreement for Discipline by Consent and suspend respondent from office for six months.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.